IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| USA TALKS.COM INC., a Nevada corporation,<br><br>              Plaintiff,<br><br>vs.<br><br>MARK MOSKOWITZ, *et al.*,<br><br>              Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br>Case No. 2:11-CV-4 CW |

Now before the court is a motion by Defendants Nathan Drage and Adrian Wilson to vacate this court's remand order and allow them to file an amended motion to remove. The removing Defendants have attached a proposed amended notice of removal to this motion. The court acknowledges that the moving Defendants did not get notice of the order granting them leave to file their amended notice of removal by January 28, 2011. Due to an administrative error, a paper copy of the docket text order granting them this relief was not sent by U.S. mail to the moving Defendants, who are not able to receive electronic notices of such orders. In the normal course, this lack of notice would be good cause to vacate the remand order.

In this case, however, it would be little more than a formality to vacate the order. That is because the proposed amended notice of removal attached to the motion to file is, like the original notice, insufficient on its face to satisfy this court that diversity jurisdiction exists here.

In its previous order to show cause, the court informed the moving Defendants that their notice of removal was insufficient to establish diversity jurisdiction because no party's state citizenship was alleged. In their proposed amended notice of removal, Defendants now allege that the Plaintiff is organized in Nevada and that the moving Defendants are citizens and residents of Utah.

There are two deficiencies in these allegations. First, the proposed notice does not allege a principal place of business for the Plaintiff, making it impossible for the court to determine Plaintiff's citizenship. Second, the proposed notice fails to allege the identities or state citizenship of the other defendants named in the California state action. The moving Defendants have apparently chosen not to make these allegations because they assert that they are the "only defendants in the newly filed Utah action" (Response to Order to Show Cause, Dkt. No. 4 at p. 2). But that assertion is contradicted by the caption of the Utah action, which is "USA Talks.com, Inc. v. Mark Moskowitz, et al." (Dkt. No. 1-1 at p. 2.) Moreover, the judgment in the California action that Plaintiff seeks to domesticate in this Utah action names three Defendants in addition to the moving Defendants. (*Id.* at p. 3.)

The court has not found any authority for the proposition that a court may disregard certain defendants' state citizenship in determining diversity in an action to domesticate a judgment, nor have the moving Defendants cited any. It strikes the court that it would be improper to disregard the other defendants, or at a minimum, the other defendants in the California judgment. After all, when the California judgment is properly filed in a Utah state court under the Utah Foreign Judgment Act, that judgment will be treated "in all respects as a judgment of a district court of Utah." Utah Code § 78B-5-302. Since the Utah court will treat

the California judgment in this case as effective against all defendants once the judgment is domesticated, the action is still against all defendants, even if the moving Defendants may be the only Utah citizens.

As the moving Defendants have proposed an amended notice of removal that does not satisfy the court that it has jurisdiction, a remand order would properly issue in this case at this point even if it remained on the court's docket. Accordingly, there is no harm done by keeping the current remand order in place. The moving Defendant's motion is therefore DENIED in its entirety.

SO ORDERED this 15th day of February, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge